Tucker *v.* Tucker.

Ezekiel J. Tucker, executor, &c., appellant,

*v.*

Nancy Tucker, respondent.

1. In the production of evidence, where an executor's account is referred to a master as auditor, it is the established practice that the exceptant's testimony be closed before that of the executor is produced.

2. Where the exceptant was not willing to rest his case on the examination of the executor, but immediately proceeded to examine another witness, and, at the end of the examination of such witness, the executor applied in good faith for an adjournment to enable him to produce further testimony, the application should have been granted. If refused, the report should have been referred again to the master, with directions to that effect.

3. The proper practice is to state the objections to the executor's account in the form of distinct and specific allegations, although a party is not absolutely precluded from making other objections of which he neither knew nor had the means of knowing when his exceptions were filed. The adverse party has the right to be heard on the new objections, and to produce evidence in his behalf in regard to them. On the hearing of the appeal, the executor applied to this court for leave to take further testimony, which, under the circumstances, was accorded, with leave to the exceptant to produce evidence in rebuttal.

On appeal from the decree of the orphans' court of the county of Union.

*Mr. W. P. Wilson,* for appellant.

*Mr. S. D. Haines,* for respondent.

The Ordinary.

This appeal brings up a decree of the orphans' court of the county of Union confirming the report of a master in chancery, to whom, as auditor, the account of the appellant was referred by the court. The petition of appeal, among

Tucker *v.* Tucker.

other grounds, states, as a reason for reversal, that the master refused to grant the appellant an adjournment to enable him to produce testimony on his behalf. It appears by the record, that after the auditor's report came in, the appellant's counsel, on due notice, moved to set aside the report, and that the motion was denied.

The record shows that in the proceedings before the master on the exceptions, the exceptant called, as her first witness, the executor himself, and that after he had been examined by her counsel, his counsel, before proceeding with the further examination of the executor, called upon the counsel of the exceptant to declare whether the case was closed on the part of the exceptant, and that the counsel for the exceptant refused to say whether the case on his part was closed or not. Thereupon the executor's counsel stated that he declined to go on with the testimony until the case should have been closed on the part of the exceptant. The master then, as appears by his entry on the record, after argument, directed that the counsel for the executor proceed with the examination of his witnesses, or the case would be closed on the part of the executor. The counsel of the executor declined to proceed, and thereupon the counsel of the exceptant called another witness, who was examined, and then the counsel of the executor requested an adjournment for the purpose of producing evidence, but the master refused to grant it, on the ground that the counsel of the executor did not give the names of any witnesses whom he proposed to examine, nor state the substance of the evidence which he proposed to produce, and that he should have been ready with his witnesses when the testimony on the part of the exceptant closed, seeing that the adjournment at the last session had been made for his accommodation.

The counsel of the executor then examined the latter and the exceptant and another witness, and at the close of their examination renewed his request for an adjournment to another day, to enable him to go on with his testimony,

Tucker *v.* Tucker.

again urging, substantially, that the executor ought not to have been required to produce his testimony until after the exceptant had closed hers. The master denied the request and thereupon declared the evidence to be closed.

On the coming in of the report the executor's counsel, as before stated, moved to set aside the report. The court, having refused the motion, referred the account to the master for correction in certain specified particulars, and, the corrections having been made, they confirmed the report. The master, it may be stated, before entering on the business of the reference, duly notified the executor that he would, at a time designated by him in the notice, proceed to examine and restate his account, after hearing parties and witnesses. It was, of course, his duty to afford the parties reasonable opportunity to produce their evidence before him, and he should have proceeded in the examination according to the established practice as to the order of the production of evidence. The exceptant should have been required to close her testimony before the executor was required to produce his. The executor's counsel ought, of course, to have proceeded with the cross-examination of his client immediately on the close of the direct examination. It appears, by the report, that the exceptant was not willing to rest her case upon the examination of the executor, but proceeded immediately to the examination of another witness, who was examined at length. The executor was required to proceed at once, at the close of that examination, with his testimony, and was refused an adjournment which his counsel requested in order to enable him to produce further testimony. The application seems to have been made in good faith. It was reasonable, and ought to have been granted. For the refusal to grant it, the report should have been referred back to the master, with directions to afford the executor an opportunity to produce further testimony. *Douglass* v. *Mercelis*, 9 *C. E. Gr.* 25.

But, further, the master, by his report, surcharged the account with an item of $26,000, as the proceeds of the

15

Tucker *v.* Tucker.

sale of the testator's homestead farm, sold by him as executor, under power of sale in the will (the exceptant joining him in the deed of conveyance thereof to the purchaser), for the price of $26,000, of which $16,000 were secured by mortgage on the farm, and for the balance he received a conveyance of seven lots of land in Elizabethport, at a valuation of $12,525, subject to mortgage for $2,525. The master regarded this conveyance as unauthorized by the power of sale, as being an exchange and not a sale, and he therefore charged the executor with $26,000, as the proceeds of the sale of the farm. The court confirmed the charge. The exceptant filed no exception to the account in respect to the sale or exchange of the farm. She first filed an exception, of a general character, on the 22d of December, 1873. It was as follows:

"Nancy Tucker, the widow of Uzal Tucker, deceased, excepts to the allowance of the accounts of the said executor, for that the same are not justly and truly stated ; the said executor having prayed allowance for more than he is entitled to receive upon all the items of his account rendered."

On the 26th of December, 1873, she filed other exceptions. The latter were confined to charges of counsel fees, commissions paid to a real estate agent on the sale or exchange of the farm, and costs of a suit brought against the executor for the recovery of those commissions; discounts or premiums for which the executor claimed allowance, as having been paid by him on money borrowed by him to pay off the execution issued against him in that suit, and premium paid to his wife to induce her to advance, out of her separate estate, to protect the property from foreclosure, the money due on the mortgage on the Elizabethport real estate; a change of a promissory note for $59; a charge for repairs done to a fence and a pump on the last mentioned real estate, and the amount of an allowance claimed by the executor for the price of certain goods sold by him to a person who had refused to pay for them, on the ground that he had an unpaid claim, larger than the amount thereof,

Tucker v. Tucker.

against the estate ; and the allowance of commissions to the executor for settling the estate.    There is also a general statement in the exceptions that the items of receipts stated by the executor are not correctly stated.

It will be seen that neither in the exceptions filed on the 22d, nor in those filed on the 26th, did the exceptant except to the omission of the executor to charge himself with the proceeds of the sale of the farm.    The court appears to have been under a misapprehension on the subject, for the opinion states that the exceptions filed embraced the objection that the executor had not charged himself with the proceeds of the real estate of the testator.    The court adds, that under this exception was an alleged omission of the executor to charge himself with $26,000, being the consideration for the home farm ; $16,000 being a mortgage on the same, given by the purchaser, and $10,000 being the equity in a house and lots in Elizabethport, taken in exchange for the farm.    It does not appear that the exceptant at any time objected to the account on that score. Though the proper practice is to state the objections to the account in the form of distinct and specific allegations, a party is not absolutely precluded, by the exceptions formally made before the investigation, from making further or other objections, of the existence of which he did not know and had no means of knowing when his exceptions were filed ; but the adverse party has a right to have an opportunity to be heard on the new objections, and to produce evidence in his behalf in regard to them.    *Metzger* v. *Metzger*, 1 *Brad. Surr. Rep.* 265 ; *Gardner* v. *Gardner*, 7 *Paige* 112.    And if, in the present case, the exceptant should have been allowed to attempt to surcharge the account with the price of the farm, it is most obvious that the executor should have had a reasonable opportunity to resist the attempt by evidence. In view of the fact that the master proposed to consider the propriety of charging the executor with the proceeds of the sale of the farm, it was, under the circumstances, eminently due to the executor that an opportunity

should be afforded him to present evidence on the subject.
The court appears, by the opinion, to have regarded the
surcharge as being warranted by the conduct of the execu-
tor in disposing of the farm. They say, in their opinion:
" Had he obtained the assent of parties in interest, prior to
exchanging the farm, which was clear of encumbrance, for
the Elizabethport property (which was subject to a mort-
gage), and acted in good faith, he ought not, equitably, to
be charged with the $10,000 equity in the exchanged prop-
erty; but there is no proof of any assent, but, on the
contrary, the evidence seems to show that the executor
acted wilfully in the matter of said discharge, and the estate
ought not to suffer from any caprice of an executor." It
might have been that the executor, had the opportunity for
which he sought, to produce further evidence before the
master, been afforded him, would have been able to show
that he indeed had the consent, for lack of which the
court were of opinion that the surcharge should be made
against him. Nor do I find, in the proof, any evidence that
he did not act *bona fide* in the sale or exchange of the farm,
nor any evidence that he acted wilfully or capriciously in
that transaction. The exceptant joined him in the convey-
ance, and this is evidence that she was satisfied with it.

None of the other parties in interest excepted to his
account. By the will the executors (of whom only the
respondent appears to have had letters testamentary thereon)
and the widow, were authorized to sell the farm at their
discretion. The court erred on the case as it stood before
them, in charging the executor with the price (it was evi-
dently a merely nominal one to a certain extent) of the
farm.

The court allowed the exceptions in reference to the
commissions for selling the farm. The items amount
together to $821. The allowance is expressly based on the
same ground as the charge of the price of the farm, the
absence of proof of consent by the parties interested to the
sale or exchange. The executor did not charge himself

with any of the proceeds of the sale, though he prayed allowance for commissions paid.    He should account for and be charged with whatever is justly chargeable against him for the proceeds of the sale, and should have all just allowances in respect thereto.    But the case, for the reason already given, the refusal of the master to allow the executor opportunity to produce his evidence, is not ready for adjudication on that head.    The executor applied to this court, on the hearing of the appeal, for leave to take further testimony. The privilege should, under the circumstances, be accorded to him, with leave to the exceptant to produce evidence in rebuttal.    *Executors of Reeve* v. *Townsend,* 4 *Hal. Ch.* 81. The cause will be reheard when the new testimony shall have come in.